UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VIJOY JACOB AND<br>SUSAN JACOB | * | CIVIL ACTION |
| VS. | * | NUMBER |
| LANDSTAR LIGON, INC.,<br>CHARLES MOORE AND<br>RONNIE GOINS | * | SECT.          MAG. |

FILED:_____      _____
                                                       DEPUTY CLERK

<u>COMPLAINT</u>

**Plaintiff invokes the jurisdiction of this Court as established under Title 28, Section 1332 of the United States Code**.

The following named parties are plaintiffs herein, to-wit:

1.      Vijoy Jacob, a person of full age and majority and domiciled in St. John the Baptist

Parish, State of Louisiana; and

2.      Susan Jacob, a person of full age and majority and domiciled in St. John the Baptist

Parish, State of Louisiana.

The above named plaintiffs respectfully represent as follows, to-wit:

I.

The following named parties are made defendants herein, to-wit:

(a) LANDSTAR LIGON, INC. a foreign corporation authorized to do and doing business in the State of Louisiana with its principal place of business in Jacksonville, Florida (hereinafter referred to as "Landstar");

(b) CHARLES MOORE a person of full age of majority domiciled in the State of Tennessee (hereinafter referred to as "Moore");

(c) RONNIE GOINS, a person of full age of majority domiciled in the State of Tennessee (hereinafter referred to as "Goins").

II.

The above named defendants are responsible and liable jointly, severally, solidarily and vicariously to plaintiffs because of the following:

III.

This action results from a two vehicle collision occurring in Jefferson Parish, Louisiana on or about September 25, 2009.

IV.

Plaintiff, Vijoy Jacob, was driving a 2007 Lexus and proceeding east on I-10, slowing for traffic congestion.  At the same time a 2005 International tractor/trailer owned by Moore and/or Landstar and being driven by Goins was proceeding east on I-10, directly behind plaintiff.

V.

Defendant, Goins, failed to stop his vehicle in time and struck the rear of plaintiff's vehicle.

VI.

Upon the impact and collision, Vijoy Jacob was thrown about in the car.

VII.

As a result of the above accident, plaintiff, Vijoy Jacob, suffered and continues to suffer multiple personal, psychological and emotional injuries of a past, present, and continuing nature.

VIII.

Plaintiff, Vijoy Jacob, has undergone medical treatment since the accident and will undergo further treatment.  Plaintiff was and still is limited from his normal activities as a result of the accident.

IX.

The sole and proximate cause of the injuries and damages sustained by plaintiff was the individual, joint, solidary, concurrent and/or successive negligence of Goins, which negligence includes but not limited to, to-wit:

(a) failure to maintain a proper look-out;

(b) failure to observe existing traffic conditions;

(c) failure to observe plaintiff's vehicle in due time in order to avoid hitting same;

(d) failure to observe due caution;

(e) driving recklessly;

(f) failure to maintain control of his vehicle;

(g) striking plaintiff's vehicle;

(h) rear ending plaintiff;

(i) inattentiveness while driving;

(j) failure to be attentive;

(k) following too closely;

(l) failing to maintain a safe distance;

(m) other negligence which may be proven at trial of this matter;

## IX. A

The defendant(s), Landstar and/or Moore, is/are guilty of the following additional acts of negligence, gross negligence, and/or omissions which proximately caused or proximately contributed to the accident of September 25, 2009, described herein above and the injuries sustained by the plaintiff:

a)      negligently and carelessly failed to properly select, train, and or supervise their driver, Goins;

b)      negligently and carelessly put or allowed to remain on the road an unqualified and/or reckless driver;

c)      negligently and carelessly failed to screen and test their driver periodically to monitor and evaluate his safety orientation;

d)      negligently and carelessly failed to develop, promulgate, adopt, and/or implement

safety policies, procedures and practices for their driver;

e)      negligently and carelessly permitted, allowed, and/or failed to stop their driver

        from operating motor vehicles in violation of 49 C.F.R. §395.3;

f)      negligently and carelessly permitted, allowed, and/or failed to stop their driver,

        defendant Goins, from violating the rules of 49 C.F.R.  §390.35 and 395.8

        regarding driver records and logs;

g)      negligently and carelessly permitted and allowed their driver, Goins, to operate

        motor vehicles when said driver was experiencing sleep deprivation and/or

        cumulative fatigue;

h)      negligently and carelessly failed to provide periodic systematic safety and/or

        defensive driving training for their driver;

i)      negligently and carelessly failed to provide remedial training of their driver,

        Goins;

j)      negligently entrusted their vehicle to the defendant, Goins;

k)      any such other negligence or gross negligence and violations of rules, regulations,

        and statutes as may be shown at the trial of this matter.

X.

Vijoy Jacob itemizes the damages to which he is entitled as a result of the accident and

injury proximately caused by the above described negligence of Goins, Landstar and/or Moore as

follows, to-wit:

(a)  Past physical pain, suffering and discomfort

(b)  Past mental anguish, aggravation, and annoyance

(c) Disability

(d)  Future physical pain, suffering and discomfort

(e)  Future mental anguish, aggravation and annoyance

(f)  Past medical expenses

(g)  Future medical expenses

(h)  Loss of enjoyment of life

(i)   Loss of use/function of parts of body

(j) Bodily disability

(k)  Impairment of psychological functioning

(l) Disability from engaging in recreation

XI.

Plaintiff, Susan Jacob, because of the injury and accident to her husband, suffered and continues to suffer loss of his consortium, companionship, society and friendship in that he is not the same person that he was before the accident.  Prior to the accident they had a very good and close relationship.  After the accident, they do not have the same marital relationship that they had prior to the accident, and he becomes easily aggravated and annoyed causing dissent and discord in their family and marriage.  The injury and accident caused their marriage and their relationship to deteriorate and their intimate marital relationship also changed.  Further, she has experienced mental anguish over his injury.

XII.

Plaintiff, Susan Jacob, because of the injuries sustained by her husband, Vijoy Jacob,

itemizes the damages to which she is entitled to-wit:

    (a)  Deprivation of the companionship, love, affection, consortium, and society of
           her husband;

    (b)  Grief, mental anguish and distress over her husband's injuries;

    (c)  Grief, mental anguish and distress over her own injuries as a result of the
           accident and injuries to her husband;

XIII.

Plaintiffs strictly reserve the right to amend and supplement this petition as necessary

concerning damages.

XIV.

It is believed that Landstar and/or Moore is a self-insured entity..

XVI.

At the time of the accident Goins was acting in the course and scope of his employment

with Landstar and/or Moore as a truck driver.  As the employer of Goins, Landstar and/or Moore

is/are jointly, severally, solidarily and vicariously liable and responsible for the acts of negligence

and damages caused by its said employee during the course and scope of said employee's

employment.

XVIII.

Plaintiffs further specifically plead the doctrine of <u>res</u> <u>ipsa</u> <u>loquitur</u> in that the

accident and injuries and damages would not have occurred in absence of the negligence

of Landstar, Moore and Goins.

XIX.

Landstar, Moore and Goins are jointly, severally, solidarily and vicariously liable and responsible to plaintiffs for the negligence and damages set forth above.

XXI.

Plaintiff alleges the amount in controversy exceeds $75,000.00, the jurisdictional amount for diversity jurisdiction.


WHEREFORE, plaintiffs pray that defendants be cited and served and that after due proceedings are had there be judgment in favor of plaintiffs Vijoy Jacob and Susan Jacob, and against the defendants, Landstar Ligon, Inc., Charles Moore and Ronnie Goins, jointly, severally, solidarily and vicariously for such sums as are reasonable in the premises together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings.

AND FOR ALL GENERAL AND EQUITABLE RELIEF.

AND THAT ALL EXPERT WITNESS FEES BE TAXED AS COSTS OF COURT.

Respectfully submitted,

MICHAEL HINGLE & ASSOCIATES, LLC

___/s/ Bryan Pfleeger_____
Michael Hingle, T.A. #6943
Bryan Pfleeger #23896
For the Firm
14281 University Avenue
Hammond, La. 70404

PLEASE SERVE:

LANDSTAR LIGON, INC.
Through its agent for service of process
C T Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, La. 70808

CHARLES MOORE
1300 N. 51st Avenue
Nashville, TN 37209

RONNIE GOINS
115 Edison Circle
Smyrna, TN 37167